<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

This Settlement Agreement and Release is entered into between and among Plaintiff Morgan Carpenter ("Plaintiff"), on behalf of herself and all Settlement Class Members as defined herein on the one hand, and Allstate Insurance Company ("Allstate" or "Defendant"), on the other hand. Plaintiff and Defendant are referred to collectively in this Settlement Agreement as the "Parties."

## 1.    RECITALS

1.1    On January 30, 2020, Plaintiff sent a letter to Defendant informing Defendant of her intention to pursue class action litigation against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), on behalf of herself and all similarly situated consumers.

1.2    Over the course of a year, the Parties met and conferred, entered into a mediation agreement and schedule, and engaged in class-wide discovery.

1.3    On January 25, 2021, the Parties engaged in a day-long, Zoom mediation session with the Hon. Morton Denlow (Ret.) of JAMS, an experienced and well-regarded mediator chosen by the Parties. The Parties held a pre-mediation conference call with Judge Denlow and submitted detailed mediation submissions to Judge Denlow setting forth their respective views as to the merits of their respective cases.

1.4    Following arms'-length good faith negotiations with the assistance of Judge Denlow, the Parties reached a settlement, as memorialized herein.

1.5    Defendant maintains that it has substantial factual and legal defenses to all claims and class allegations. Without admitting any liability or wrongdoing whatsoever, Defendant agrees to the terms of this Agreement in order to avoid the expense, inconvenience, and

distraction of burdensome and protracted litigation and to resolve all issues relating to the subject matter of the Released Claims.

## 2. DEFINITIONS

As used herein, the following terms have the meanings set forth below.

2.1 "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

2.2 "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release, including all Exhibits thereto.

2.3 "Approved Claim" means a Claim submitted by a Settlement Class Member that is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement.

2.4 "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel by the Court to compensate them (and all other attorneys for Plaintiff or the Settlement Class) for their fees and all expenses incurred by Plaintiff or Class Counsel in connection with the Litigation.

2.5 "Claim" means a written request for Settlement Relief submitted by a Settlement Class Member to the Settlement Administrator, pursuant to the Claim Form.

2.6 "Claim Form" means the document attached as Exhibit C to this Agreement or as ultimately approved by the Court.

2.7 "Claimant" means any Settlement Class Member who submits an Approved Claim pursuant to this Settlement Agreement.

2.8 "Class Counsel" means Matthew R. Wilson and Michael J. Boyle, Jr. of Meyer Wilson Co., LPA and Daniel M. Hutchinson of Lieff, Cabraser, Heimann & Bernstein, LLP.

2.9     "Class List" means the list of users or subscribers of approximately 500 telephone numbers based on the data produced by AGAX Leads ("AGAX"), Overstep Leads ("Overstep"), and Phoenix Leads ("Phoenix") that meet the criteria set for inclusion in the Settlement Class set forth in Section 3.1 herein.

2.10     "Class Notice" means the program of notice described in Section 6 of this Agreement to be provided to potential Settlement Class Members, including the Mail Notice and Website Notice on the Settlement Website, which will notify potential Settlement Class Members about, among other things, their rights to opt out of or object to the Settlement, the preliminary approval of the Settlement, and the scheduling of the Final Approval Hearing.

2.10.1   "Mail Notice" means the notice that is mailed by the Settlement Administrator to potential Settlement Class Members, in a form substantially similar to Exhibit A to this Agreement and/or as ultimately approved by the Court.

2.10.2   "Website Notice" means the long form notice that is available to Settlement Class Members on the Settlement Website, in a form substantially similar to Exhibit B to this Agreement and/or as ultimately approved by the Court.

2.11     "Court" means the United States District Court for the Southern District of Ohio.

2.12     "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

2.13    Deadlines. As used herein, the Parties agree to the following deadlines, subject to Court approval:

2.13.1  "Notice Deadline" is forty-five (45) Days following the Court's Preliminary Approval Order but nothing herein precludes the Settlement Administrator from sending Mail Notice to potential Settlement Class Members prior to forty-five (45) Days following the Court's Preliminary Approval Order.

2.13.2  "Fee and Incentive Award Motion Deadline" means the last day for Plaintiff to file a motion for an award of Attorneys' Fees and Expenses and an Incentive Award to Plaintiff.  The Fee and Incentive Award Motion shall be filed not later than thirty (30) Days after the Notice Deadline.

2.13.3  "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must file and serve written objections, if any, to the Settlement in accordance with Section 12 of this Agreement to be able to object to the Settlement. The Objection Deadline shall be not later than sixty (60) Days after the Notice Deadline.

2.13.4  "Opt Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be completed in writing and sent to the Settlement Administrator in accordance with Section 11 of this Agreement in order for a potential Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be no later than sixty (60) Days after the Notice Deadline.

2.13.5  "Claim Deadline" means the last day by which a Claim submitted to the Settlement Administrator by a Settlement Class Member must be postmarked or submitted electronically, which will be ninety (90) Days after the Notice Deadline.  All Claims postmarked

or submitted electronically at the Settlement Website on or before the Claim Deadline shall be timely, and all Claim Forms postmarked or submitted electronically at the Settlement Website after the Claim Deadline shall be untimely and barred from entitlement to any Settlement Relief with no right to appeal.

        2.13.6   "Final Approval Motion Deadline" means the last day by which Class Counsel shall file the motion seeking final approval of the Settlement. The Final Approval Motion Deadline shall be no later than one-hundred and ten (110) Days after the Notice Deadline.

      2.14   "Defense Counsel" means the law firm of Eversheds Sutherland (US) LLP.

      2.15   "Final" with respect to the Final Approval Order, the Judgment, and any award of Attorneys' Fees and Expenses means that the time for appeal has expired or, if an appeal is taken and dismissed or the Settlement (or award of Attorneys' Fees and Expenses) is affirmed, the time period during which further petition for hearing or appeal can be taken has expired. If the Final Approval Order and/or Judgment is set aside, modified, or overturned by the Court and is not fully reinstated on further appeal, the Final Approval Order and/or Judgment shall not become Final.

      2.16   "Final Approval" means the entry of the Judgment after the Final Approval Hearing.

      2.17   "Final Approval Order" means the Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiff's Claims, to be entered by the Court pursuant to the Settlement and in a form substantially similar to Exhibit E.

      2.18   "Final Approval Hearing" means the hearing held by the Court to determine whether the terms of this Agreement are fair, reasonable, and adequate for the Settlement Class

as a whole, and whether the Final Approval Order and the Judgment should be entered. The Parties shall seek to have the Final Approval Hearing on a date convenient for the Parties and the Court but not earlier than one hundred and thirty (130) Days after the Notice Deadline.

2.19    "Final Settlement Date" means the earliest date on which both the Final Approval Order and the Judgment are Final (as defined in Section 2.15). If no appeal has been taken from the Final Approval Order or the Judgment, the Final Settlement Date means one (1) business day after the last date on which either the Final Approval Order or the Judgment could be appealed. If any appeal has been taken from the Final Approval Order or from the Judgment, the Final Settlement Date means the date on which all appeals of the Final Approval Order or the Judgment have been finally disposed of in a manner that affirms the Final Approval Order and the Judgment.

2.20    "Incentive Award" means Court-approved compensation for Plaintiff for her time and effort undertaken in the Litigation.

2.21    "Judgment" means the judgment to be entered by the Court pursuant to Final Approval Order in a form substantially similar to Exhibit E-1.

2.22    "Litigation" means those steps outlined in Section 3.3.1 – 3.3.7, herein.

2.23    "Notice and Administrative Costs" means all reasonable and authorized costs and expenses of disseminating and publishing the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs and expenses associated with assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Relief.

2.24 "Preliminary Approval Application" means Plaintiff's motion for the Court to approve the Settlement preliminarily and to enter the Preliminary Approval Order, including all exhibits and documents attached thereto.

2.25 "Preliminary Approval Order" means the order in a form substantially similar to Exhibit D and providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate, and directing the Class Notice to potential Settlement Class Members upon a finding that giving such notice is justified by the Parties' showing that the Court will likely be able to: (i) approve the Settlement under Fed. R. Civ. P. 23(e)(2); and (ii) certify the Settlement Class for purposes of judgment on the Settlement.

2.26 "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons, as provided for in Section 10 of the Settlement Agreement.

2.27 "Released Claims" means all claims, demands, causes of actions, suits, damages, and fees arising under the TCPA and/or any other federal or state telemarketing laws and/or regulations, whether in law or equity, that have been or could have been brought by a Releasing Person against Defendant or any other Released Persons in connection with AGAX making or causing to be made telemarketing calls promoting Allstate goods or services to the telephone numbers on the Class List, where such call was made on or after September 23, 2016, up to and including the date of the Preliminary Approval Order of this Settlement, including but not limited to claims of any type or nature alleging that Allstate is vicariously liable for said AGAX calls.

2.28    "Released Persons" means Defendant and all of its current and former agents, predecessors, successors, parents, subsidiaries, Affiliates, officers, directors, partners, members, principals, employees, managers, shareholders, representatives, attorneys, servants, and assigns.

2.29    "Releasing Persons" means Plaintiff and each member of the Class identified on the Class List and not opting out, and their respective current and former agents, employees, representatives, assigns, heirs, executors, administrators, partners, attorneys, successors, trustees, and predecessors-in-interest (each solely in their respective capacity as such).

2.30    "Request for Exclusion" means a written request from a potential Settlement Class Member that seeks to exclude the potential Settlement Class Member from the Settlement Class and that complies with all requirements in Section 11 of this Agreement.

2.31    "Settlement" means the settlement set forth in this Agreement.

2.32    "Settlement Administrator" means a nationally-recognized third-party agent or administrator agreed to by the Parties after a competitive bidding process to help implement and effectuate the terms of this Settlement Agreement. Class Counsel, based on the agreement of the Parties, will propose the selected Settlement Administrator for Court approval.

2.33    "Settlement Class" or "Class" means the class of persons that will be certified by the Court for settlement purposes only, as more fully described in Section 3.1 herein.

2.34    "Settlement Class Member" or "Class Member" means any person who falls within the definition of the Settlement Class and who has not submitted a valid Request for Exclusion.

2.35    "Settlement Class Period" shall commence on September 23, 2016, and shall continue through and including the date of the Preliminary Approval Order of the Settlement.

2.36 "Settlement Class Recovery" means the Injunctive Relief set forth in Section 4.1.1, the cash sum of $450 available for distribution to each Claimant, payment of Notice and Administrative Costs, and payment of any Court-approved Attorneys' Fees and Expenses and Incentive Award.

2.37 "Settlement Relief" means the $450 payment to be made from the Settlement Class Recovery to each Claimant.

2.38 "Settlement Website" means the Internet site created by the Settlement Administrator pursuant to Section 6.2 of this Agreement.

2.39 "Settling Parties" means, collectively, Allstate, Plaintiff, and all Releasing Persons.

## 3. CLASS DEFINITION AND CONDITIONS RELATING TO THE EFFECTIVENESS OF THE SETTLEMENT

3.1 The "Settlement Class" or "Class" shall be as follows:

All persons in the United States (i) to whom AGAX Leads made one or more calls (ii) for the purpose of encouraging the purchase of Allstate goods or services (iii) which call(s) were transferred to an Allstate agent(s) (iv) on or after September 23, 2016, up to and including the date of the Preliminary Approval Order of the Settlement (v) that originated from leads sold by Phoenix to Overstep.

3.2 This Settlement Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below. In the event that the Settlement is not finally approved, Allstate shall be refunded any money from the Settlement Class Recovery that has not yet been expended, together with any interest thereon.

3.3 Condition No. 1: District Court Approval. The Settlement must be approved by the Court in accordance with the following steps:

3.3.1 <u>Filing of the Complaint</u>. After good-faith consultation with Defense Counsel, Class Counsel will file in the Southern District of Ohio a complaint as soon as practicable after execution of this Agreement. The Complaint is set forth as Exhibit F.

3.3.2 <u>Application for Preliminary Approval of Proposed Settlement and Class Notice</u>. After good-faith consultation with Defense Counsel, Class Counsel will present a Preliminary Approval Application to the Court as soon as practicable after execution of this Agreement, or as otherwise set by the Court. The Preliminary Approval Application shall include Class Notice, in forms attached as Exhibits A and B. The Settling Parties shall, in good faith, take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order.

3.3.3 <u>Settlement Class Certification</u>. In connection with the proceedings on Final Approval of the proposed Settlement, Plaintiff shall seek an order certifying the Settlement Class pursuant to Fed. R. Civ. P. 23.

3.3.4 <u>CAFA Notice</u>. The notices required by the Class Action Fairness Act, 28 U.S.C. § 1715(b) shall be served by the Settlement Administrator. No later than ten (10) Days before the Final Approval Hearing, the Settlement Administrator shall file a declaration(s) with the Court, stating that CAFA Notice obligations have been fully discharged.

3.3.5 <u>Entry of Preliminary Approval Order</u>. The Court shall enter a Preliminary Approval Order in a form substantially similar to Exhibit D, which shall, among other things:

(a) Preliminarily approve the Settlement as fair, reasonable, and adequate;

(b) Direct the issuance of Class Notice to the Settlement Class, upon a finding that giving notice is justified by the Parties' showing that the Court will likely be able to:

(i) approve the Settlement under Fed. R. Civ. P. 23(e)(2), and (ii) certify the Settlement Class for purposes of judgment on the proposal;

(c)     Determine that such Class Notice complies with all legal requirements, including, but not limited to, the Due Process Clause of the United States Constitution;

(d)     Schedule a date and time for a Final Approval Hearing to determine whether the Settlement should be finally approved by the Court;

(e)     Require Settlement Class Members who wish to exclude themselves to submit an appropriate and timely written request for exclusion by the Opt-Out Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall bind those Settlement Class Members who remain in the Settlement Class;

(f)     Require Settlement Class Members who wish to object to the Settlement Agreement to submit an appropriate and timely written statement by the Objection Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall prevent those Settlement Class Members from doing so;

(g)     Authorize the Settling Parties to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement; and

(h)     Issue related orders to effectuate the preliminary approval of the Settlement Agreement.

3.3.6   Issuance of Class Notice. Pursuant to the Preliminary Approval Order to be entered by the Court, the Settlement Administrator shall cause the Class Notice to be issued in accordance with Section 6 below.

3.3.7    Final Approval Hearing.  In connection with the Preliminary Approval Application, the Parties shall request that the Court schedule and conduct the Final Approval Hearing. Specifically, Plaintiff, after good faith consultation with Defense Counsel, shall request that, on or after the Final Approval Hearing, the Court: (i) enter the Final Approval Order and the Judgment; (ii) determine the Attorneys' Fees and Expenses that should be awarded to Class Counsel as contemplated in the Settlement Agreement; and (iii) determine the Incentive Award, if any, that should be awarded as contemplated by the Settlement Agreement. The Settling Parties agree to support entry of the Final Approval Order and the Judgment.  The Settling Parties will reasonably cooperate with one another in seeking entry of the Final Approval Order and of the Judgment.

3.4    Condition No. 2:  Finality of Judgment.  The Court shall enter the Final Approval Order and the Judgment in forms substantially similar to Exhibits E and E-1, respectively. The Final Approval Order and the Judgment must become Final in accordance with Section 2.15 above, and shall, among other things:

(a)    Find that (1) the Court has personal jurisdiction over all Settlement Class Members; (2) the Court has subject matter jurisdiction over the claims asserted in this Litigation; and (3) venue is proper;

(b)    Finally approve the Settlement Agreement, pursuant to Fed. R. Civ. P. 23, as fair, reasonable, and adequate;

(c)    Finally certify the Settlement Class for settlement purposes only;

(d)    Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e)     Enter the Final Approval Order and the Judgment with respect to the claims of all Settlement Class Members who did not opt out, and dismiss with prejudice all Released Claims of the Releasing Persons in the Litigation;

(f)     Make the Releases in Section 10 of the Settlement Agreement effective as of the Final Settlement Date;

(g)     Permanently bar Plaintiff and all Releasing Persons and Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims;

(h)     Find that, by operation of the entry of the Judgment, Plaintiff and all Releasing Persons and Settlement Class Members who have not opted out of the Settlement shall be deemed to have forever released, relinquished, and discharged the Released Persons from any and all Released Claims;

(i)     Authorize the Settling Parties to implement the terms of the Settlement Agreement;

(j)     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Approval Order, and the Judgment, and for any other necessary purpose; and

(k)     Issue related orders to effectuate the Final Approval of the Settlement Agreement and its implementation.

## 4.     SETTLEMENT CONSIDERATION, BENEFITS, AND OTHER RELIEF

In consideration for the Releases set forth in Section 10, Defendant will provide the following benefits:

4.1     <u>Settlement Non-Monetary Consideration</u>.

4.1.1     <u>Injunctive Relief</u>. Defendant has agreed to implement the following remedial measures at the company: (a) place Overstep and Phoenix on a prohibited marketing vendor list that prohibits Allstate agents from knowingly doing business with those entities for marketing purposes for a period of not less than one year following execution of this Agreement; and (b) provide all Class Members with the option of putting themselves on Allstate's company-specific do-not-call list consistent with Allstate's do-not-call policy.

4.2     <u>Settlement Monetary Consideration.</u>

4.2.1     Allstate will fund the Settlement Class Recovery, from which all Settlement Relief, Attorneys' Fees and Costs, Notice and Administrative Costs, and any Incentive Award will be paid. The Settlement Class Recovery represents the limit and total extent of Defendant's non-monetary and monetary obligations under this Agreement and the Settlement.

4.2.2     Defendant will fund the monetary aspects of the Settlement Class Recovery as follows: (a) within the time requested by the Settlement Administrator, Defendant will transfer to the Settlement Administrator (via wire instructions provided by the Settlement Administrator to Allstate an amount sufficient to pay Notice and Administrative Costs authorized by the Settlement Agreement and/or the Preliminary Approval Order, and (b) within ten (10) Days after the Final Settlement Date, Defendant will transfer funds sufficient to pay the remaining amount of the Settlement Class Recovery as approved and authorized by the Court to the Settlement Administrator (via wire instructions provided by the Settlement Administrator to Allstate). The Settlement Administrator will use or pay those funds as authorized by the

Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, and/or the Judgment.

       4.2.3   The Court shall retain continuing jurisdiction over the Settlement and the Settlement Class Recovery.

       4.2.4   Each Claimant who properly submits a valid Claim shall be entitled to receive Settlement Relief. No interest shall be included as an element of, or be payable or paid on, any claimed amount.

       4.2.5   All payments issued to Claimants via check will state on the face of the check that the check will expire and become null and void unless cashed within one hundred and eighty (180) days after the date of issuance.

       4.2.6   If, after payments to Claimants have been made and the deadline for cashing checks has passed, the total amount of uncashed checks will be disbursed as *cy pres* to a non-profit approved by the Court. The Parties agree to recommend the Lawyers Committee for Civil Rights Under Law as the *cy pres* designee.

       4.2.7   If for any reason the Final Approval Order and/or the Judgment does not become Final within the meaning of Section 2.15, all remaining Settlement Class Recovery together with any interest thereon, shall be returned to Allstate within five (5) days after the occurrence of the condition or event that prevents the Final Approval Order and/or the Judgment from becoming Final.

## 5.     RETENTION OF SETTLEMENT ADMINISTRATOR AND COSTS

     5.1   The Parties shall propose and Allstate shall engage a Settlement Administrator, after a competitive bidding process, to process claims, field calls and correspondence from Settlement Class Members, and disburse amounts from the Settlement Class Recovery.

5.2     All Notice and Administrative Costs will be paid from the Settlement Class

Recovery, and Defendant's only responsibility regarding such costs is to fund the Settlement

Class Recovery as specified in Section 4.2 of this Agreement.

5.3     The Settlement Administrator shall administer the Settlement in a cost-effective

and timely manner. Without limiting any of its other obligations as stated herein, the Settlement

Administrator shall be responsible for CAFA Notice, Mail Notice, Website Notice, the

Settlement Website (all as described in Section 6), administration of Settlement Relief, and

providing all other related support, reporting, and administration as further stated in this

Agreement.

5.4     The Parties shall work cooperatively with the Settlement Administrator for

purposes of providing Class Notice to the Settlement Class, as provided in this Settlement

Agreement.

5.5     W-9 Forms. The Settlement Administrator shall complete and provide to Allstate

any W-9 forms necessary to implement this Settlement.

## 6.     NOTICE TO THE CLASS

6.1     <u>Mail Notice</u>: Subject to the requirements of the Preliminary Approval Order, if

class member address and other relevant contact information is unavailable, the Settlement

Administrator shall perform a reverse-lookup on the telephone numbers in the Class List to

obtain associated contact information, and thereafter provide Mail Notice by means of separate

first-class mailings to those identified names and addresses. To the extent contact information is

unavailable and the reverse-lookup process is unable to identify associated contact information,

the Settlement Administrator shall direct the Class Notice to any associated names and addresses

identifiable through the data produced in discovery in this Litigation. The Settlement

Administrator shall run the mailing list through the National Change of Address database ("NCOA") before mailing.

6.1.1   The Mail Notice shall detail how Settlement Class Members so desiring may opt out of or object to the Settlement.

6.1.2   After posting of the Mail Notice by the Settlement Administrator with the United States Postal Service, for any Mail Notices returned as undeliverable, the Settlement Administrator may run further reverse-lookups to obtain better addresses for such returned Notices, and should such efforts indicate a possible alternate address, the Settlement Administrator may mail the returned Mail Notice to the alternative address; provided, however, that if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Settlement Class Member's address(es) in sufficient time to remail the Class Notice(s) at least twenty (20) Days before the scheduled Final Approval Hearing, then the Settlement Administrator need make no further efforts to provide further Mail Notice to such person(s).

6.1.3   All costs of Mail Notice will be paid from the Settlement Class Recovery, and Defendant's only responsibility regarding such costs is to fund the Settlement Class Recovery as specified in Section 4.2 of this Agreement.

6.2   <u>Settlement Website</u>: No later than the posting of the Mail Notice, the Settlement Administrator shall establish a Settlement Website which shall contain the Website Notice, attached hereto as Exhibit B, copies of the Complaint, Preliminary Approval Motion, Settlement Agreement and Exhibits, the Mail Notice, and any other materials as may be ordered by the Court. The Settlement Website shall also contain instructions and a Claim Form that may be downloaded or printed from the Internet site.

6.2.1    The Settlement Website shall remain open and accessible for at least thirty (30) Days after the last day to cash any check drawn on the Settlement Class Recovery. Settlement Class Members shall also have the option of completing their Claim Form online within the Settlement Website, utilizing an e-signature format.  The Claim Form submission process on the Website shall be disabled immediately following the close of the Claim Deadline.

6.2.2    All costs associated with the Settlement Website will be paid from the Settlement Class Recovery, and Defendant's only responsibility regarding such costs is to fund the Settlement Class Recovery as specified in Section 4.2 of this Agreement.

6.3    <u>Toll-Free Settlement Hotline</u>. The Settlement Administrator will establish and maintain an automated toll-free telephone line (which shall not have live operators) for persons in the Settlement Class to call. All costs associated with this telephone line and arising from its operation will be paid from the Settlement Class Recovery, and Defendant's only responsibility regarding such costs is to fund the Settlement Class Recovery as specified (and limited) in Section 4.2 of this Agreement.

## 7.    CLAIM FILING, REVIEW, AND APPROVAL PROCESS

7.1    <u>Claim Filing Process</u>. Settlement Class Members shall be permitted to make a Claim in one of two ways:

(a)    By mailing (either through mailing with the United States Postal Service or through a private mail carrier, such as UPS or Federal Express, provided that proof of the mail date is reflected on the label of the mailing) a written Claim Form providing the required information, to the Settlement Administrator, on a postmarked date no later than the Claim Deadline. A written Claim Form will also be available on the Settlement Website for Settlement Class Members to alternatively download and print out and mail to the Settlement Administrator pursuant to this Section; or

(b)    By completing an online Claim Form within the Settlement Website utilizing an e-signature format provided the Claim Form is submitted electronically on or before the Claim Deadline.

7.2     Any Settlement Class Member who does not properly submit a timely and valid completed Claim Form on or before the Claim Deadline shall be deemed to have waived any claim to Settlement Relief and any such Claim Settlement Form will be rejected with no right to appeal.

7.3     <u>Claim Review Process</u>. As soon as practicable and in a form sufficient to convey the following information, the Settlement Administrator shall confirm that each Claim Form submitted is in the form required, that each Claim Form was submitted in a timely fashion, and that the person submitting the Claim is a member of the Settlement Class.

7.4     <u>Notification</u>. Within five (5) Days after the Claim Deadline, the Settlement Administrator shall provide the Parties' counsel with a list of all Settlement Class Members who submitted a Claim, whether the Claim was rejected or accepted, and if rejected, the reason it was rejected. The Parties will use their best efforts to amicably resolve any dispute about the processing of any Claim, other than any Claim rejected for timeliness, which shall be rejected with no right to appeal.  If within fourteen (14) days of receiving from the Settlement Administrator the list of all the Settlement Class Members who submitted a Claim, the Parties cannot resolve any dispute about the processing of any Claim (other than a dispute regarding timeliness), the Parties agree that the Settlement Administrator's determination shall be final with no right of appeal.

7.5     The Settlement Administrator shall have sixty (60) Days after the Final Settlement Date within which to process the Claims and remit the appropriate Settlement Relief amounts by check to Claimants from the Settlement Class Recovery.

## 8.    COVENANTS

The Settling Parties covenant and agree as follows:

8.1     <u>Covenant Not to Sue</u>. Plaintiff, the Releasing Persons and the Settlement Class Members covenant and agree: (i) not to file, commence, prosecute, or intervene in (as class members or otherwise) any action in any jurisdiction based on any of the Released Claims against any of the Released Persons; and (b) that the foregoing covenant and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Persons. However, this Agreement is not intended to and does not prohibit a Settlement Class Member from responding to inquiries from federal, state or local agencies and/or law enforcement, even if the inquiries relate to the Released Claims. Similarly, this Agreement is not intended to and does not prohibit a Settlement Class Member from bringing their concerns to federal, state or local agencies and/or law enforcement, even if those inquiries relate to the Released Claims.

8.2     <u>Cooperation</u>.  The Settling Parties agree to cooperate reasonably and in good faith with the goal of obtaining entry of the Final Approval Order and the Judgment as quickly as is reasonably practicable and expeditiously reaching agreement on the matters requiring mutual agreement as set forth in this Settlement Agreement, including, but not limited to, the expeditious agreement to the terms of all Class Notice documents and settlement administration protocols, and the preparation and execution of all other reasonable documents necessary to achieve Final Approval of the Settlement by the Court.

9.      **REPRESENTATIONS AND WARRANTIES**

9.1     Plaintiff's Representations and Warranties.

9.1.1    Plaintiff represents and warrants that she is the sole and exclusive owner of all of her own Released Claims and that she has not assigned or otherwise transferred any interest in any of her Released Claims against any of the Released Persons, and further covenants that she will not assign or otherwise transfer any interest in any of the Released Claims.

9.2     The Settling Parties' Representations and Warranties.

9.2.1. The Settling Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arms'-length negotiations, that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently-selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any person representing any Settling Party to the Settlement Agreement. Each of the Settling Parties assumes the risk of mistake as to facts or law.

## 10.    RELEASE OF CLAIMS.

10.1     Upon the Final Settlement Date, the Releasing Persons shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all Released Claims.

10.2     This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section 11 of this Settlement Agreement.

10.3     The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement. The Court shall retain

jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

10.4    Nothing in this Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein. The Releases set forth herein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

## 11.    OPT-OUT RIGHTS.

11.1    A potential Settlement Class Member who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a Request for Exclusion that is postmarked no later than the Opt-Out Deadline. The Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the telephone phone number(s) at which that potential Settlement Class Member was called by AGAX during the Settlement Class Period; (c) contain a statement that reasonably indicates a desire to be excluded from the Settlement Class; and (d) be personally signed by the potential Settlement Class Member requesting exclusion.  Mass or class opt-outs shall not be allowed.

11.2    Any potential Settlement Class Member who timely and properly opts out of the Settlement Class shall: (a) not be bound by any orders or judgments relating to the Settlement; (b) not be entitled to relief under, or be affected by, the Agreement; (c) not gain any rights by virtue of the Agreement; and (d) not be entitled to object to any aspect of the Settlement.

11.3    The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests for Exclusion within seven (7) Days after the Opt-Out Deadline.

11.4    If more than 25 potential Settlement Class Members properly and timely opt-out of the Settlement, then the Settlement may be deemed null and void upon notice by Defendant without penalty or sanction.

11.5    Except for those potential Settlement Class Members who timely and properly submit a Request for Exclusion in accordance with Section 11, all other potential Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date, will be bound by its terms, regardless of whether they receive any Settlement Relief or any other relief.

## 12.    OBJECTIONS.

12.1    <u>Overview</u>. Any potential Settlement Class Member who does not opt-out of the Settlement will be a Settlement Class Member and may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

12.2    <u>Process</u>.  Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel (at the addresses identified in Section 18), no later than the Objection Deadline.

12.2.1  The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and, to be valid, the written objection must include: (a) the name, address, and telephone number of the Settlement Class Member objecting and, if different, the telephone number(s) at which the Settlement Class Member was called by AGAX during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of the Settlement Class Member's counsel; (c) the specific grounds for the

objection, and whether it applies only to the objector, to a specific subset of the Class, or to the entire Class; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel.

 12.2.2 Any Settlement Class Member who fails to timely object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

 12.3 <u>Appearance</u>. Subject to approval of the Court, any Settlement Class Member who timely files and serves a written objection in accordance with Section 12.2 and the Class Notice may appear, in person (or virtually, if the hearing is not conducted in person) or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

 12.3.1 The Notice of Intention to Appear must include the Settlement Class Member's full name, address, telephone number, and, to the extent not otherwise submitted in relation to a filed objection, copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

12.3.2  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

## 13.  SETTLEMENT APPROVAL.

13.1     Plaintiff shall apply to the Court for entry of the proposed Preliminary Approval Order and setting of a Final Approval Hearing as soon as practicable after the Parties' execution of this Agreement.

13.2     Not later than five (5) Days before the Final Approval Motion Deadline or as otherwise ordered by the Court, the Settlement Administrator will provide Class Counsel with a declaration that the Class Notice has been disseminated in accordance with the Preliminary Approval Order and identifying the number of Requests for Exclusion to the Settlement, along with the number of Claims received to date.

## 14.  CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS FOR SETTLEMENT PURPOSES.

14.1     Plaintiff shall move for Final Approval of the Settlement and entry of the Final Approval Order and Judgment, and shall request the certification of the Settlement Class for settlement purposes.

14.2     If the Settlement is not granted Final Approval, or this Agreement is otherwise terminated or rendered null and void, the certification of the above-described nationwide Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied; in such circumstances, Defendant does not waive, reserves and shall have all rights to challenge certification of any settlement class or any other

class for trial purposes in the Litigation, or in any other action, on all available grounds as if no nationwide Settlement Class had been certified.

## 15. ATTORNEYS' FEES, EXPENSES, AND PLAINTIFF'S INCENTIVE AWARD.

15.1    Class Counsel will apply to the Court for an award of Attorneys' Fees and Expenses separate from and in addition to the Settlement Class Recovery. Class Counsel intend to apply for an award of $99,500 to reimburse themselves for their attorneys' fees and out of pocket expenses incurred in prosecuting the action.

15.1.1  The Settlement Administrator shall pay the amount of Attorneys' Fees and Expenses awarded by the Court from the Settlement Class Recovery to the account(s) of Class Counsel via wire instructions provided by Class Counsel to the Settlement Administrator within no later than sixty (60) Days after the Final Settlement Date or, if the Court issues a separate order regarding Attorney's Fees and Expenses, no later than thirty (30) Days following the expiration of any period to appeal such order (assuming no appeal is filed) or, if an appeal is filed, no later than thirty (30) Days following later of the disposition of such appeal or the waiver or exhaustion of all other appeal options.

15.2    Class Counsel may also apply to the Court for an Incentive Award to be paid solely from the Settlement Class Recovery. Class Counsel intend to apply for a class representative fee of $1,000.

15.2.1  To the extent awarded by the Court, the Settlement Administrator shall deliver to Class Counsel an Incentive Award check made payable from the Settlement Class Recovery to Plaintiff within no later than sixty (60) Days after the Final Settlement Date.

15.2.2  If the Court awards Plaintiff an Incentive Award, Plaintiff shall provide the Settlement Administrator a completed W-9 form within ten (10) Days after the Final Settlement Date.

15.3    The procedure for and the grant or denial or allowance or disallowance by the Court of the Attorneys' Fees and Expenses and Incentive Award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceedings relating to the applications for Attorneys' Fees and Expenses and Incentive Award, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Approval Order or Judgment approving the Agreement and the Settlement, except as provided for in Section 15.1.

**16.    TERMINATION AND EFFECT THEREOF.**

16.1    This Agreement shall be terminable by Plaintiff or Defendant if any of the conditions of Section 3 are not fully satisfied, or if the conditions of Section 11.4 occur, unless the relevant conditions in Section 3 are waived in writing signed by authorized representatives of Plaintiff and Defendant or unless Defendant does not exercise its right to deem this Agreement null and void under Section 11.4.

16.2    This Agreement shall also terminate at the discretion of Plaintiff or Defendant if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement or the proposed Settlement that is material, including without limitation, the terms or relief, the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, or restricts, or expands, any

portion of the Final Approval Order or Judgment, or any of the Court's findings of fact or conclusions of law, that is material; or (3) if all of the conditions required to be met before the Final Settlement Date do not occur.

16.3     If this Agreement is terminated as provided herein, either automatically or by Plaintiff or Defendant, the Settlement shall be null and void from its inception and the Settling Parties will be restored to their respective positions in the Litigation as of the day prior to the date of the Preliminary Approval Order. In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in any proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc*. In the event of valid termination, Defendant shall be refunded any portions of the Settlement Class Recovery that have not yet been expended, together with interest thereon.

## 17.    MISCELLANEOUS PROVISIONS

17.1     The Settling Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

17.2     The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated in good faith and at arm's length by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with

their respective legal counsel. The amounts paid are to settle and resolve the Claimants' claims for damages and the amounts paid represent the Claimants' compensation for such alleged damages.

17.3    Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claims, or of any wrongdoing or liability of Defendant; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, omission, wrongdoing, or liability of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendant may file this Agreement, including the Exhibits thereto, (except the Class List must be filed only under seal), the Final Approval Order, and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including, without limitation, those based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

17.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

17.5    All of the Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

17.6    Nothing in this Settlement Agreement shall constitute a release of, a covenant not to sue or an impairment of any claims, causes of action or rights that Allstate had, have or may have against any third-party, including but not limited to AGAX, Overstep, Phoenix, and/or their affiliated companies, contractors or subcontractors.

17.7     This Agreement may be amended or modified only by a written instrument signed by or on behalf of Plaintiff and Defendant or their respective successors-in-interest. Any material changes must be approved by the Court.

17.8     This Agreement and the Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to Plaintiff, Defendant, or any other Settling Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized herein. Except as otherwise provided herein, the Settling Parties will bear their own respective costs.

17.9     This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument.  A complete set of counterparts will be submitted to the Court.

17.10   This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

17.11   The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

17.12   None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any Settling Party as the drafter thereof.

17.13   The Settlement shall be governed by the laws of the State of Illinois except to the extent that the law of the United States governs any matters set forth herein, in which case such federal law shall govern.

17.14   The following principles of interpretation apply to the Agreement: (a) the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be; (b) references to a person are also to the person's successors-in-interest; and (c) whenever the words "include," includes," or 'including" are used in the Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

17.15   The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices of the Settlement Class after the Final Approval Order and Judgment are entered.

## 18.   NOTICES

18.1   All notices (other than the Class Notice) required by the Agreement shall be made in writing and communicated by email and mail to the following addresses:

18.2   All notices to Class Counsel shall be sent to:

> Matthew R. Wilson
> Meyer Wilson Co., LPA
> 305 West Nationwide Blvd
> Columbus, OH 43215
>
> *Counsel for Plaintiff and Class*

18.3   All notices to Defense Counsel shall be sent to:

> Lewis Wiener
> Eversheds Sutherland (US) LLP
> 700 Sixth Street, N.W.
> Suite 700
> Washington, DC 20001
>
> *Counsel for Allstate Insurance Company*

18.4   The notice recipients and addresses designated above may be changed by written agreement of Plaintiff and Defendant.

18.5    Upon the request, the Parties agree to promptly provide each other with copies of objections, Requests for Exclusion, or other similar documents received from Settlement Class Members in response to the Class Notice.

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement on the dates set forth below.

On behalf of Plaintiff _____:

Dated: _____        By:    _____

                                       Name: _____

                                       Title: _____

On behalf of Defendant _____:

Dated: _____        By:    _____

                                       Name: _____

                                       Title: _____