# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MORGAN CARPENTER**, on behalf of himself and others similarly situated, | **Case No. 2:21-cv-3381**<br>**Judge: Edmund A. Sargus**<br>**Magistrate Judge Elizabeth P. Deavers** |
| Plaintiff, | |
| v. | |
| **ALLSTATE INSURANCE COMPANY** | |
| Defendant. | |

## OPINION AND ORDER

This matter came before the Court for final approval of the class action settlement (ECF No. 19) between Plaintiff Morgan Carpenter ("Class Representative") and the Class of Plaintiffs she represents (collectively, "Plaintiffs") and Defendant Allstate Insurance Company. The Court held a fairness hearing on August 15, 2022, to consider whether the Settlement was fair, reasonable, and adequate and to determine the reasonableness of Plaintiffs' Counsel's attorneys' fee and litigation expenses, and incentive awards for the four Class Representatives. Having considered all papers filed and proceedings held herein, including this Court's findings at the fairness hearing, and having received declarations attesting to the publication of the Notice, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The Settlement Agreement including its exhibits (the " Agreement"), and the definition of words and terms contained therein (Settlement Agreement, ECF No. 4-1) are incorporated

by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. Venue is proper in this Action.

3. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class from this Court's Preliminary Approval Order:

    All persons in the United States (i) to whom AGAX Leads made one or more calls (ii) for the purpose of encouraging the purchase of Allstate goods or services (iii) which call(s) were transferred to an Allstate agent(s) (iv) on or after September 23, 2016, up to and including the date of the Preliminary Approval Order of the Settlement (v) that originated from leads sold by Phoenix Leads to Overstep Leads.

4. The Court hereby finds that the Agreement is the product of arms'-length settlement negotiations between the Plaintiff and Class Counsel, and Allstate and its counsel.

5. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

6. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

7. The Court hereby finds and concludes that the Settlement Class meets the requirements of numerosity, commonality, typicality, and adequacy as set forth in Rule 23(a) of the Federal Rules of Civil Procedure. The Court further finds and concludes that the Settlement Class meets the requirements of predominance, superiority, and manageability as set forth in Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Court certifies the Settlement Class for purposes of Settlement.

8. This Court hereby finds and concludes that the notice provided by the Settlement Administrator to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfies the requirements of that statute.

9. The Court hereby finally approves the Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Agreement.

10. The Court hereby finds that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel.

11. This Court hereby dismisses, with prejudice and without leave to amend and without costs to any party, the Action and all Released Claims of the Releasing Persons in the Action.

12. The Releases set forth in the Agreement are effective as of the Final Settlement Date as such date is defined in the Agreement.

13. Plaintiff and each and every one of the Settlement Class Members, as well as their respective current or former assigns, heirs, executors, administrators, successors, trustees, representatives, agents, employees, partners, attorneys, predecessors-in-interest (each solely in their respective capacity as such), unconditionally, fully, and finally release,

resolve, relinquish and forever discharge each and every one of the Released Persons from each of the Released Claims. Plaintiff and the Settlement Class Members further agree that they will not institute, intervene in, or participate in (as class members or otherwise) any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or related in any way to the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Agreement and the releases contained therein become effective. This release shall be interpreted to the fullest extent of res judicata principles. In addition, any rights of the Class Representative and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

14. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Allstate, or of the truth of any of the claims asserted by Plaintiff in the Action. Further, the Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by Allstate that the Action is properly brought on a class or

representative basis, or that classes may be certified for any purpose. To this end, the settlement of the Action, the negotiation and execution of the Agreement, and all acts performed or documents executed pursuant to or related to the Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Allstate or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Allstate in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and, (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification. Further, evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, and/or this Order and Judgment.

15. If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

16. In the event that any provision of the Settlement or this Order is asserted by Allstate as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually

or purportedly acting on behalf of any Settlement Class Member(s), Allstate may seek an immediate stay of that suit, action or other proceeding, which the Settlement Class Member shall not oppose, until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

17. In accordance with the terms of the Agreement, Class Counsel shall be awarded attorneys' fees of $99,500, to be paid by Allstate. Additionally, Plaintiff Morgan Carpenter shall be awarded an incentive award in the amount of $1,000, also to be paid by Allstate. The Court, having considered the materials submitted by Plaintiff and Class Counsel in support of final approval of the Settlement and the request for attorneys' fees, finds the awards appropriate and reasonable. The Court notes that the Class Notice specifically and clearly advised the Settlement Class that Plaintiff and Class Counsel would seek the awards.

18. The *cy pres* recipient is designated as Lawyers Committee for Civil Rights Under the Law.

19. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Agreement, this Order, the Judgment, and for any other necessary purpose.

Accordingly, the Court **GRANTS** the motion for final approval of the class action settlement (ECF No. 19).

**IT IS SO ORDERED.**


DATED: 8/25/2022                       s/Edmund A. Sargus, Jr.
                                                    **EDMUND A. SARGUS, JR.**
                                                    **UNITED STATES DISTRICT JUDGE**